# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOHN M. FOSTER,                                   ) | 3:13-cv-00060-RCJ-VPC |
| Plaintiff,                          ) | |
| )                                                 ) | |
| v.                                                ) | **REPORT AND RECOMMENDATION** |
| )                                                 ) | **OF U.S. MAGISTRATE JUDGE** |
| KEN FURLONG, *et al.*,                   ) | |
| )                                                 ) | |
| Defendants.                        ) | February 28, 2014 |
| _____) | |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.  The court previously granted plaintiff's application to proceed *in forma pauperis* and dismissed his *pro se* complaint with leave to amend (#5).[1]  Now before the court is plaintiff's first amended complaint (#7-1).  Having thoroughly reviewed the record, the court recommends that plaintiff's amended complaint be dismissed with prejudice and without leave to amend.

## I.   Screening Pursuant to 28 U.S.C. § 1915

As the court explained previously, applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915, which "authorizes the court to dismiss an [*in forma pauperis*] action that is frivolous or malicious." *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (citing 28 U.S.C. § 1915(a) (citing 28 U.S.C. § 1915(d)).  While in this case plaintiff is in the custody of the Nevada Department of Corrections, this provision applies to all actions filed *in forma pauperis*, whether or

---

[1] Refers to the court's docket number.

not the plaintiff is incarcerated.  *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.  *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted).  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  Allegations in *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

cognizable right of action."  *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure §
1216, at 235-36 (3d ed. 2004)).  At a minimum, a plaintiff should state "enough facts to state a claim
to relief that is plausible on its face."  *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678
(2009).

        42 U.S.C. § 1983 creates a cause of action allowing a plaintiff to enforce federal rights
created by the Constitution or federal statute.  *See Albright v. Oliver*, 510 U.S. 266, 271 (1994);
*Graham v. Connor*, 490 U.S. 386, 393-94 (1989).  "To sustain an action under Section 1983, a
plaintiff must show (1) that the conduct complained of was committed by a person acting under
color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or
statutory right." *Wood v. Ostrader*, 879 F.2d 583, 587 (9th Cir. 1989).  Section 1983 does not
provide a cause of action for violations of state law.  *See Galen v. County of Los Angeles*, 477 F.3d
652, 662 (9th Cir. 2007).

## II.   Discussion

        Plaintiff has filed a first amended complaint pursuant to 42 U.S.C. § 1983 (#7-1).  He alleges
that Carson City defendants Sheriff Kenneth Furlong, Sheriff's Deputy Tara Collier, Risk
Management Coordinator Cecilia Meyer, and defendant private attorney Steven J. Klearman violated
his Fourteenth Amendment due process rights.  *Id*.  He also alleges that Collier violated his Fourth
Amendment rights.  From what the court can discern, plaintiff asserts the following:  on December
30, 2010, he was operating a vehicle and was "alleged to be intoxicated."  Collier drove her patrol
vehicle westbound on an eastbound lane in order to stop plaintiff's vehicle.  Her "roadblock" caused
a collision between her patrol car and plaintiff's vehicle.  *Id*. at 2-5.

        Plaintiff was ultimately found guilty (presumably of driving under the influence), sentenced
to prison, and assessed restitution of more than $27,000.  Pursuant to the conviction, the state court

entered an order directing all parties to file their monetary claims against plaintiff.  *Id*.  Following plaintiff's incarceration, defendant Klearman filed a lawsuit against plaintiff and his auto insurance carrier on behalf of defendant Collier.  These defendants knew that Collier had "illegally" created a roadblock at the scene of the accident.  They accepted a $35,000 settlement from the insurance carrier, which constituted a fraud on the carrier in violation of NRS 41.139.  Defendants Furlong and Meyers "acted contrary to a court's order for the sole purpose of depriving the plaintiff of a due process hearing by filing a second and false claim against the plaintiff and his insurance company," when they filed a claim with plaintiff's carrier for over $72,000, which caused the carrier to sue plaintiff.  *Id*. at 3-5.

The Due Process Clause of the Fourteenth Amendment protects individuals from arbitrary government action by prohibiting states from depriving people of "life, liberty, or property without due process of law."  U.S. Const. amend. XIV.  To prevail on a claim of deprivation of liberty without due process of law, a plaintiff must first establish the existence of a liberty interest.  *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003).

With respect to due process, the only discernible, relevant factual allegations in the amended complaint actually sound in fraud, a state tort-law claim.  Plaintiff alleges that defendants Klearman and Collier perpetrated insurance fraud.  Section 1983 does not provide a cause of action for violations of state law.  *See Galen*, 477 F.3d at 662.  Plaintiff again fails to set forth specific allegations about any "due process hearing" of which defendants Furlong and Meyers deprived him.  Accordingly, the court concludes that plaintiff's Fourteenth Amendment claims must be dismissed.  He has already been given the opportunity to amend these claims, and therefore, they should be dismissed with prejudice and without leave to amend.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

Next, plaintiff alleges that Collier's action of blocking the lane, which caused the collision, constituted an "illegal" seizure in violation of his Fourth Amendment rights. The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. amend. IV. In *Brower v. County of Inyo*, the United States Supreme Court held that a roadblock generally constitutes a "seizure" that implicates Fourth Amendment protections. 489 U.S. 593, 598 (1989). A defendant may be liable under § 1983 if the seizure was unreasonable. *Id*. at 599. Plaintiff alleges that Collier acted in contravention to Carson City Sheriff's office policy and endangered his life. While, at this very early stage of litigation, plaintiff's allegations state a Fourth Amendment claim against Collier, the court concludes that this claim must, nevertheless, be dismissed. Plaintiff alleges that the roadblock occurred on December 30, 2010. Because § 1983 contains no specific statute of limitations, federal courts should borrow state statutes of limitations for personal injury actions in § 1983 suits. *See*, *e.g.*, *Wallace v. Kato*, 549 U.S. 384 (2007). In Nevada, a personal injury action must be brought within two years. Nev. Rev. Stat. § 11.190(4)(e). Plaintiff filed this action on February 7, 2013, more than two years after the alleged Fourth Amendment violation. Accordingly, plaintiff's claim is barred by the statute of limitations.

The court therefore concludes that, because plaintiff fails to state any Fourteenth Amendment claims for which relief may be granted and because his Fourth Amendment claim is barred by the statute of limitations, his amended complaint should be dismissed with prejudice and without leave to amend.

## III.    Conclusion

**IT IS THEREFORE RECOMMENDED** that the Clerk shall detach and **FILE** the amended complaint (#7-1).

**IT IS FURTHER RECOMMENDED** that plaintiff's motion to file an enlarged complaint (#7) be **GRANTED** nunc pro tunc.

**IT IS FURTHER RECOMMENDED** that plaintiff's amended complaint be **DISMISSED with prejudice and without leave to amend**.

**IT IS FURTHER RECOMMENDED** that the Clerk shall **ENTER JUDGMENT** accordingly and close this case.

The parties should be aware of the following:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**DATED**: February 28, 2014.

_____

**UNITED STATES MAGISTRATE JUDGE**